Craig **MIDDLEBROOKS**, Plaintiff,

v.

Thomas A. **COUGHLIN** (Commissioner), Lyle Starkweather (Superintendent), Marie Tyrone Curtiss (Assistant Director), Defendants.

No. 94–CV–0389C.

United States District Court,
W.D. New York.

July 16, 1997.

Craig Middlebrooks, pro se.

Dennis C. Vacco, Attorney General of the State of New York (Jerry McGrier, Sr., Assistant Attorney General, of counsel), Buffalo, NY, for Defendants.

CURTIN, District Judge.

## BACKGROUND

Pro se plaintiff Craig Middlebrooks is a corrections officer for the New York State Department of Corrections. He alleges that defendants denied him promotion because he is black.

On July 26, 1995, the court granted defendants' motion for summary judgment, giving plaintiff leave to file an amended complaint. The court instructed the plaintiff to file a more definite statement of facts and to state what steps he had taken to satisfy Title VII procedural requirements. Item 26.

On September 22, 1995, plaintiff filed an amended complaint. Plaintiff stated that he was bringing the lawsuit under section 1983 and again made no mention of Title VII. Item 30. The parties then filed cross motions for summary judgment, addressing plaintiffs' case as though it were brought under Title VII.

On April 15, 1997, the court ordered the parties to file additional briefs addressing whether plaintiff is entitled to bring his claim under section 1983. Item 52. The parties then filed the cross motions for summary judgment now before the court. Items 53 and 55.

## DISCUSSION

**I. Plaintiff cannot bring the present action under 42 U.S.C. § 1983.**

The complaint in this employment discrimination case is brought exclusively under 42 U.S.C. § 1983. Plaintiff explicitly makes no claim under Title VII of the Civil Rights Act of 1984, 42 U.S.C. § 2000–e, although Title VII covers the race discrimination claims asserted in the complaint. Defendants have moved to dismiss the complaint on the ground that Title VII cannot be bypassed in this manner. Item 55. Plaintiff cross-moves for summary judgment. Item 53.

The Title VII claimant faces significant administrative hurdles. Before instituting a lawsuit, a Title VII claimant must file a charge with the Equal Employment Opportunity Commission. 42 U.S.C. § 2000e–5(b) (1982). In most states, including New York, the claimant must file a claim with the appropriate state agency before filing the EEOC claim. 42 U.S.C. § 2000e–5(c) (1982). The claimant may bring a lawsuit in federal district court only after the two administrative filings. 42 U.S.C. § 2000e–5(f)(1) (1982). Many of the filing time limits are relatively short. 42 U.S.C. § 2000e–5(e) (1982). The complaint must be filed with the EEOC within 180 days after the alleged unlawful practice has occurred. This period is extended to 300 days if the claimant has filed with a state or local agency. Id. After the EEOC issues a "right-to-sue" letter, the claimant has only 90 days to file an action in federal courts. *Id.* § 2000e–5(f)(1).

In contrast, a section 1983 plaintiff may proceed directly to a federal district court. The law does not require a section 1983 plaintiff to exhaust state administrative or legal remedies. *Patsy v. Board of Regents*, 457 U.S. 496, 516, 102 S.Ct. 2557, 2568, 73 L.Ed.2d 172 (1982) (holding that sex discrimination claimant was not obligated to exhaust state administrative process before bringing lawsuit).

Title VII's procedural prerequisites were not an accident:

> Cooperation and voluntary compliance were selected as the preferred means for achieving [Title VII's goals]. To this end, Congress created the Equal Employment Opportunity Commission and established a procedure whereby existing state and local equal employment opportunity agencies, as well as the Commission, would have an opportunity to settle disputes through conference, conciliation, and persuasion before the aggrieved party was permitted to file a lawsuit.

**212**

*Alexander v. Gardner–Denver Co.*, 415 U.S. 36, 44, 94 S.Ct. 1011, 1017–18, 39 L.Ed.2d 147 (1974).

In *Great American Federal Savings & Loan Ass'n v. Novotny*, 442 U.S. 366, 99 S.Ct. 2345, 60 L.Ed.2d 957 (1979), the Supreme Court held that 42 U.S.C. § 1985 could not be used to redress violations of Title VII. The Court found, among other reasons, that "[i]f a violation of Title VII could be asserted through § 1985(3), a complainant could avoid most if not all of these detailed and specific provisions of the law." *Id.* at 375–76, 99 S.Ct. at 2350–51. The Court went on to observe that "[u]nimpaired effectiveness can be given to the plan put together by Congress in Title VII only by holding that deprivation of a right created by Title VII cannot be the basis for a cause of action under § 1985(3)." *Id.* at 378, 99 S.Ct. at 2352.

■ Moreover, where Congress provides specific remedies which are adequate to protect constitutional rights or more broadly defined statutory rights, those remedies must be followed absent special reasons for departing from such an approach. *Middlesex County Sewerage Authority v. National Sea Clammers Ass'n*, 453 U.S. 1, 101 S.Ct. 2615, 69 L.Ed.2d 435 (1981);

■ This court finds that the same reasoning applies to section § 1983 as applied to section 1985 in *Novotny*. As the court noted in *Annis v. County of Westchester*, 1993 WL 525124 (S.D.N.Y.):

> Title VII furnishes such a vehicle and it is the one Congress intended be used. Permitting bypass of Title VII by resort to sections 1983 and 1985 merely because a public sector employer is involved would both frustrate Title VII and place public employers at risk in a way different from that applicable to their private sector counterparts. There is no indication that Congress so intended or that such a result is required by any constitutional provision.

The court notes that the present case is not one in which plaintiff has satisfied Title VII procedural requirements and seeks to bring concurrent actions under both section 1983 and Title VII. In the Second Circuit such concurrent claims are allowed when the section 1983 claim is "based on substantive rights distinct from Title VII." *Saulpaugh v. Monroe Community Hosp.*, 4 F.3d 134, 143 (2d Cir.1993). In such a concurrent case, there is no concern about bypassing Title VII, as its jurisdictional prerequisites have been satisfied.

## CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment is granted, and plaintiffs complaint is dismissed. Plaintiffs motion for summary judgment is denied.

For the reasons set forth above, I hereby certify that any appeal from this order would not be taken in good faith pursuant to 28 U.S.C. § 1915(a), and leave to appeal to the Court of Appeals as a poor person is hereby denied. *Coppedge v. United States*, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

So ordered.